IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEIGHTY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:19-cv-2615-L |
| | § | |
| STONE TRUCK LINE INC., et al., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Stone Truck Line, Inc. and Jarmanjit Singh's Motion to Transfer Venue under 28 U.S.C. § 1404(a). Mot. (ECF No. 6). This Motion was referred to the United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and determination.[1] Ord. (ECF No. 11). For the following reasons, the Court GRANTS the Motion.

### **Background**

Plaintiffs James Leighty, Ashlee Leighty, and Amanda Helton are citizens of Ohio. Compl. 1-2 (ECF No. 1). Defendants Stone Truck Line, Inc. and Jarmanjit Singh are citizens of California. *Id.* 2. Plaintiffs bring wrongful death and negligence claims against Defendants, individually and on behalf of their father, Robert Eugene Leighty's, estate, arising out of a motor-vehicle incident, which

---

[1] A magistrate judge enjoys the authority to decide a motion to transfer venue under 28 U.S.C. § 636(b)(1)(A). *Evol, Inc. v. Supplement Servs., LLC*, 2010 WL 982564, at *1 (N.D. Tex. Mar. 16, 2010).

1

occurred in Shamrock, Wheeler County, Texas, on September 12, 2019. *Id.* 1-3. Plaintiffs allege the incident took place when Robert Leighty was riding his motorcycle eastbound on Interstate 40, and Defendant Singh struck Robert Leighty with his tractor-trailer, catching him underneath the tractor-trailer, injuring him severely, and ultimately causing his death. *Id.* 3. Defendant Stone Truck Line owned or leased Singh's tractor-trailer. *Id.* 2; Answer 2 (ECF No. 8). On November 25, 2019, Defendants filed a motion to transfer venue from the Dallas Division of the Northern District of Texas to the Amarillo Division of the Northern District of Texas. Mot. (ECF No. 6). The parties filed a response and reply, and the motion is now ripe for consideration. Resp. (ECF No. 15); Reply (ECF No. 17).

## Legal Standard and Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) requires the court to first evaluate whether the suit could have been brought in the district or division to which the moving party proposes transferring it. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). If the case could properly have been brought in the proposed forum, then the court must consider certain private and public interest factors to determine whether, on balance, transferring the case would best serve the interests of justice and be more convenient for the parties and witnesses. *In re*

*Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private interest factors include: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (per curiam)). And the public interest factors are: "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *In re Volkswagen AG,* 371 F.3d at 203). "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam). A court may not transfer a case where doing so only shifts the venue's inconvenience from one party to the other. *Evol, Inc. v. Supplement Servs., LLC*, 2010 WL 972250, at *1 (N.D. Tex. Feb. 28, 2010), *adopted by* 2010 WL 982564 (N.D. Tex. Mar. 16, 2010) (citing *Fowler v. Broussard,* 2001 WL 184237, at *2 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)). "'The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate.'" *Id.* (quoting *Bank One, N.A. v. Euro-Alamo Invs., Inc.,* 211 F. Supp. 2d 808, 812 (N.D. Tex. 2002) (Fitzwater, J.)). "A motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the

transferee venue is clearly more convenient' . . . ." *In re Radmax*, 720 F.3d at 288 (citation omitted).

I.

Here, the parties do not dispute whether venue is proper in the Northern District of Texas; therefore, the Court need only determine whether Plaintiffs could properly have filed their lawsuit in the Amarillo Division. Because the motor-vehicle accident out of which Plaintiffs' claims arise occurred in Wheeler County, Texas, venue is proper in the Amarillo Division of the Northern District of Texas. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"); 28 U.S.C. § 124(a)(5) ("The Amarillo Division comprises the counties of Armstrong, Brisco, Carson, Castro, Childress, Collingsworth, Dallam, Deaf Smith, Donley, Gray, Hall, Hansford, Hartley, Hemphill, Hutchinson, Lipscomb, Moore, Ochiltree, Oldham, Parmer, Potter, Randall, Roberts, Sherman, Swisher, and Wheeler."). Having satisfied the threshold inquiry of whether the suit could have been brought in the proposed division, the Court now evaluates whether the private and public interest factors counsel in favor of transferring the case.

A.

The Court finds the private interest factors weigh in favor of transferring the case to the Amarillo Division. As mentioned above, the private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of

compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am.*, 545 F.3d at 315.

The first private interest factor involves "the relative ease of access to sources of proof." Here, the parties will be able to more easily access sources of proof in the Amarillo Division. Relevant sources of proof, including principal witnesses such as investigating police officers and medical providers local to Shamrock, Texas, are likely to be located closer to the accident site in Shamrock, Wheeler County, Texas, which is less than 100 miles from Amarillo, but approximately 300 miles from Dallas. Compl. 3; Defs.' Br. 6 (ECF No. 7). Plaintiffs contend, however, the "only factors in favor of transfer [related to access to sources of proof] would be the physical scene and location of Mr. Leighty's medical treatment." Resp. Br. 5 (ECF No. 16). And Plaintiffs argue these factors do not favor transfer because the scene has already been fully documented by the Department of Public Safety, and Mr. Leighty was only treated by Shamrock via EMS and at Shamrock General Hospital "for approximately 10 minutes prior to his passing." *Id.* Plaintiffs also contend the Dallas Division is more convenient for experts who might have to fly in to testify, though Plaintiffs have not specifically identified particular experts or witnesses for whom this would be more convenient. *Id.* Therefore, the Court finds this factor weighs in favor of transferring the case because, as a practical matter, the proximity

5

of the Amarillo Division to the accident scene makes access to relevant sources of proof easier.

The second factor "addresses the availability of compulsory process to secure the attendance of witnesses." Federal Rule of Civil Procedure 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business . . . ." Fed. R. Civ. P. 45(c)(1)(A). Therefore, most of the nonparty witnesses located near Shamrock, Texas, would be beyond the subpoena power of the Dallas Division. Plaintiffs contend this is not problematic because "[t]he only witnesses requiring compulsory process in the Amarillo division would be the investigating officer and first responders," and it would be "highly unlikely that any such witnesses would be called live with the exception of the investigating officer." Resp. Br. 6. Though Plaintiffs indicate the investigative officer would require using the Court's subpoena power, neither Plaintiffs nor Defendants identify specific unwilling witnesses by name. *See id.* Nonetheless, this factor does not weigh against transferring; the Court finds it neutral. *See Pinnacle Label, Inc. v. Spinnaker Coating, LLC,* 2009 WL 3805798, at *10 (N.D. Tex. Nov. 12, 2009) (Fitzwater, C.J.) (concluding this factor is neutral where no unwilling witnesses are identified); *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.,* 2009 WL 464953, at *3 (N.D. Tex. Mar. 25, 2009) (Fish, J.) (same).

The third factor concerns the cost of attendance for willing witnesses. The cost for witnesses local to the accident site to attend court proceedings are greater

if the case remains in the Dallas Division, since Dallas is approximately 300 miles from Shamrock. While Defendants have "established at a general level that the persons from whom its witnesses are likely to be drawn are located geographically closer to [Amarillo, Texas] than to Dallas," Defendants have not "identif[ied] the key witnesses and the general content of their testimony." *Pinnacle Label*, 2009 WL 3805798, at *11 (quoting *Sargent v. Sun Trust Bank, N.A.,* 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.)) (internal quotation marks omitted). Plaintiffs contend that travelling to Dallas is more convenient than traveling to Amarillo because "the majority of the witnesses are located thousands of miles from Amarillo or Dallas, and it is more convenient to travel to Dallas than Amarillo." Resp. Br. 6. Plaintiffs also fail to identify any specific witnesses. Nonetheless, the Fifth Circuit has stated that "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." *In re Volkswagen of Am.*, 545 F.3d at 317 (citation omitted). Therefore, the Court finds this factor weighs in favor of transferring the case.

The fourth private interest factor concerns "the practical problems that make trial of a case easy, expeditious, and inexpensive." *Pinnacle Label*, 2009 WL 3805798, at *11. The Court finds that, as a practical matter, transferring the case to the Amarillo Division, closer to where the incident occurred and where non-party witnesses are likely to be located, will make for a more expeditious and inexpensive trial. In their Response, Plaintiffs assert the decedent's motorcycle and Defendant Stone Truck's tractor-trailer have already been inspected; Plaintiffs'

counsel is located in Corpus Christi, Texas; Defendants are residents of California; Plaintiffs are residents of Ohio; and "[t]he only connection to Wheeler County is that the incident made the basis of this lawsuit occurred there." Resp. Br. 2. However, "[t]he convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue," particularly "the convenience of non-party witnesses." *Travelers Indem. Co. of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 2002 WL 1575409, at *2 (N.D. Tex. July 16, 2002) (citations omitted). Accordingly, the Court finds this factor and all of the private interest factors on balance weigh in favor of transferring this case to the Amarillo Division.

B.

The Court now considers the public interest factors, which it finds also weigh in favor of transferring the case to the Amarillo Division. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen of Am.*, 545 F.3d at 315.

The first factor requires the Court to consider the administrative difficulties associated with court congestion in both divisions. While Plaintiffs note the "Dallas Division is run efficiently and timely disposes of its cases," they do not present any

evidence indicating the Amarillo Division would not dispose of cases with equal efficiency. Resp. Br. 6. The Court finds this factor to be neutral.

The second factor considers the lawsuit's local interest. Plaintiffs contend "[t]here is very little 'local interest' in transferring the case to the Amarillo Division," because "[n]one of the parties are from that area." Resp. Br. 6. Defendants assert, however, that the Dallas Division has no interest at all in adjudicating this lawsuit since Dallas also has no connection to the lawsuit. Defs.' Br. 9-10. Because the incident occurred in the Amarillo Division, the Court finds Amarillo has a greater interest in adjudicating this dispute. This factor weighs in favor or transferring the case.

The third and fourth factors involve the familiarity of the forum with the law governing the case and the avoidance of conflict of laws problems or the application of foreign law. Because both the Amarillo Division and the Dallas Division are in the Northern District of Texas, the Court finds that both fora would be equally familiar with the law that will govern the case and that transfer would not create a conflict of laws problem. Thus, these factors are both neutral. Though three are neutral, and one weighs in favor of transfer, the Court finds the public interest factors favor transferring the case to the Amarillo Division.

Considering the public and private interest factors together, the Court finds Defendants discharged their burden to prove the Amarillo Division is clearly more convenient than the Dallas Division. Accordingly, in its discretion, for the convenience of the parties and witnesses, and so the interest of justice might be

9

served, the Court grants Defendants' motion to transfer Plaintiffs' lawsuit to the Amarillo Division of the Northern District of Texas.

## Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue (ECF No. 6) and TRANSFERS this case to the Amarillo Division of the Northern District of Texas.

**SO ORDERED.**

January 6, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE